UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. HARMON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1410 |
| | § | |
| POST OAK REAL ESTATE HOLDING INC. | § | |
| and CBRE SERVICES, INC., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND
ORDER TO REMAND**

Pending before the court is plaintiff Michael J. Harmon's motion to remand. Dkt. 9. Having considered the motion, the response, other relevant documents in the record, and the applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

Plaintiff is seeking damages in excess of $1,000,000 for a personal injury caused by the slippery stairwell on property belonging to defendant Post Oak Real Estate Holding Inc. (Post Oak) and managed by defendant CBRE Services, Inc. (CBRE). Dkt. 1 at 19. Harmon contends that he slipped and fell due to condensation, which made the rubbery steps wet and "extremely dangerous." *Id.* He alleges that the defendants had a duty to prevent the dangerous condition on the property and that they failed to do so when they failed to address the condition or warn invitees about it. *Id.* at 20. Harmon claims to have suffered severe and debilitating injuries due to the dangerous condition on the property and asserts that his injuries interfere with his daily living. *Id.* at 19–20.

On March 20, 2018, Harmon filed his original complaint against Post Oak and CBRE in the 269th Judicial District Court of Harris County. *Id.* at 18. On April 2, 2018, Post Oak was served

with Harmon's petition, and on April 4, 2018, CBRE was served with the petition. Dkt. 9 at 2. CBRE filed a notice of removal of the case to the United States District Court for the Southern District of Texas, Houston Division, on May 3, 2018. Dkt. 12 at 3. CBRE asserted that there is a diversity of citizenship between Harmon and the defendants and that the amount in controversy exceeds $75,000. Dkt. 1 at 1–3.

On May 31, 2018, Harmon filed a motion to remand the case back to state court, alleging that the removal was improper because CBRE failed to obtain or establish Post Oak's consent to the removal as required by statute. Dkt. 9 at 1. Post Oak filed its answer to Harmon's complaint and its consent to the removal in federal court on June 19, 2018. Dkt. 12 at 3.

CBRE opposes remand, asserting that when Post Oak filed its answer it consented to the removal and even if it had not formally consented, its appearance in federal court supports the removal of the case. Dkt. 11 at 1.

## II. LEGAL STANDARD

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). For diversity jurisdiction, the amount in controversy must exceed $75,000, and complete diversity must exist between all parties. *Id.* § 1332(a). The burden of proving federal jurisdiction rests on the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Harmon does not dispute diversity of citizenship or the amount in controversy. Rather, he contends that there was no timely unanimity of consent regarding the removal by the defendants prior to the end of the limitation period.

Under 28 U.S.C. § 1446, a petition for removal must be submitted within thirty days of service on the first defendant. 28 U.S.C. § 1446(b); *Getty Oil Corp. v. Ins.Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988). The unanimity of consent rule requires that all defendants that have been

properly joined and served must consent to the removal with some timely filed written indication of consent and it must be done within the thirty days prior to the expiration of the removal period. 28 U.S.C. § 1446(b). The failure of all defendants to join in the removal petition within the statutory removal period renders the petition of removal defective. *Getty Oil Corp.*, 841 F.2d at 1262. "The failure of all the defendants to join in the removal petition is not a jurisdictional defect," it is a procedural defect. *Johnson v.Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990). Therefore, a defect in the removal procedure does not affect the jurisdiction of the court and can be waived if not raised in a timely motion to remand. *Belser v. St. Paul Fire & Marine Ins. Co.*, 965 F.2d 5, 8 (5th Cir. 1992).

### III. ANALYSIS

Harmon requests that the court remand the case to state court because CBRE and Post Oak have failed to timely provide a unanimity of consent for removal before the expiration of the removal period. Dkt. 9 at 1. CBRE asserts that even though Post Oak had not formally consented, its answer filed in federal court is considered consent to removal. Dkt. 11 at 1. Harmon argues that the Fifth Circuit is reluctant to allow defendants to file a notice of consent outside of the required removal period, citing *Thompson v.Louisville Ladder Corp.*, 835 F. Supp. 336 (E.D. Tex. 1993), and *Hammonds v. Youth for Christ USA*, No. SA-05-CA-0531-FB, 2005 WL 3591910 (W.D. Tex. Aug. 16, 2005). Dkt. 12 at 2. Consequently, Harmon argues that to excuse the untimely consent to removal would set a precedent for future cases to disregard the time limits set in § 1446. Therefore, Harmon argues that remand is the proper result. *Id.* at 3.

Conversely, the defendants cite *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72 (1st Cir. 2009), and state that even if the unanimity requirement was not met during the removal period, "remand was not necessary where the nonconsenting defendant later cured the defective consent by

3

filing an answer in federal court." Dkt. 11 at 2. CBRE and Post Oak also cite *Glover v. W.R. Grace & Co.*, 773 F. Supp. 964 (E.D. Tex. 1991), to support the argument that remand is not required as a matter of law when the codefendant consented to removal by filing its answer in federal court as was done by Post Oak. *Id.* The defendants argue that remand is not required when all the defendants have filed affirmative pleadings with the court and where there is complete diversity between the parties. *Id.*

The Fifth Circuit requires strict compliance with the limitations period set out in the provisions of § 1446(b). *Getty Oil Corp.*, 841 F.2d at 1263. The defendants did not comply with the time limitation period set out in § 1446(b) and therefore did not cure the defective removal. The defendants also fail to consider that the defendant in the First Circuit case cited in their opposition to remand cured the defective consent prior to the expiration of the removal period, unlike the case at bar. *See Esposito*, 590 F.3d at 74–75. Moreover, CBRE and Post Oak conclude that courts have "rejected the wooden application of the unanimity of consent rule," but explicitly overlook Fifth Circuit rulings when coming to this conclusion. In summary, the court finds that there was no indication of consent by all served defendants within the statutory removal period set out in 28 U.S.C. § 1446. Accordingly, Harmon's motion for remand is GRANTED.

### IV. Conclusion

Because there was no timely unanimity of consent by the defendants in the notice of removal, Harmon's motion to remand is GRANTED. This case is hereby REMANDED to the 269th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on July 11, 2018.

_____
Gray H. Miller
United States District Judge